**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ X

LUIS FLORES, JR.,

                              Plaintiff,

  -against-

COUNTY OF SUFFOLK, a municipal entity; Sergeant JAMES MURPHY (Shield No. 428); Detective JOSEPH COLLINS (Shield No. 1476); Detective FOCAS (Shield No. 1495); and "JOHN and/or JANE DOES" 1, 2, 3, etc. (whose identity are unknown but who are known to be personnel of the Suffolk County Police Department), all of whom are sued in their individual and their official capacities, and LEON RAMSEY,

                              Defendants.

**COMPLAINT**

**JURY TRIAL**

------------------------------------------------------------------------ X

      Plaintiff LUIS FLORES, JR., by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the defendants alleges as follows:

**PRELIMINARY STATEMENT**

      1.    This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries Plaintiff suffered from the unconstitutional conduct of defendants The COUNTY of SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Suffolk County Police Department Sergeant JAMES MURPHY (Shield No. 428), Suffolk County Police Department Detective JOSEPH COLLINS (Shield No. 1476), Suffolk County Police Department Detective FOCAS (Shield No. 1495), Suffolk County Police Department Police Officers "JOHN and/or JANE DOES" 1, 2, 3, etc., and LEON RAMSEY, father and natural guardian of D.R., a minor.

      2.    On May 17, 2015, Plaintiff had lunch with his girlfriend at the Hibachi Grill in North Babylon, Long Island. After Plaintiff left the restaurant, Defendant RAMSEY falsely stated to Suffolk County Police Department officers that Plaintiff took a photo of his 8-year-old son when

they were alone in the restroom. This statement was clearly contradicted by the restaurant's surveillance video, which was viewed by Suffolk County Police Department officers upon arriving at the restaurant. On or about the morning of May 28, 2015, the Suffolk County Police Department released a Crime Stoppers report to local media outlets seeking information about Plaintiff and falsely stating that he had photographed an 8-year-old boy in the Hibachi Grill restroom. Later that morning, Plaintiff was arrested and charged with Unlawful Surveillance. On or about October 14, 2015, the baseless charge against Plaintiff was dropped at the request of the Suffolk County District Attorney.

3. Plaintiff now seeks redress for the substantial injuries he suffered: (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff LUIS FLORES, JR. is a citizen of the United States and the State of New York, and was at all times relevant to this complaint a resident of the State of New York, the County of Suffolk, and the hamlet of Dix Hills.

9.      Defendant THE COUNTY OF SUFFOLK ("the "County") is a municipal entity created and authorized under the laws of the State of New York.

10.      The County is authorized by law to maintain a police department, and does maintain the SUFFOLK COUNTY POLICE DEPARTMENT ("SCPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The County assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11.      Defendants SCPD Sergeant JAMES MURPHY (Shield No. 428), SCPD Detective JOSEPH COLLINS (Shield No. 1476), SCPD Detective FOCAS (Shield No. 1495), and SCPD Police Officers "JOHN and/or JANE DOES" 1, 2, 3, etc. are Suffolk County Police Officials who unlawfully detained plaintiff without any suspicion of illegal activity, lodged false criminal charges against him, released false information to the news media as to the nature of his alleged crime, and maliciously prosecuted him.

12. Upon information and belief, defendants MURPHY, COLLINS, FOCAS, and DOES are still Suffolk County Police Department Officers.

13. At all times relevant herein, defendants MURPHY, COLLINS, FOCAS, and DOES have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the County and/or the SCPD and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the County and/or the SCPD.

14. At all times relevant herein, defendants MURPHY, COLLINS, FOCAS, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

15. LEON RAMSEY, is the father and natural guardian of D.R., a minor. Upon information and belief, RAMSEY is a resident of Suffolk County.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

16. Plaintiff served a timely Notice of Claim upon the County of Suffolk by personal delivery within ninety days of the events giving rise to his claim.

17. On February 19, 2016, plaintiff attended an examination pursuant to New York General Municipal Law § 50-h.

18. More than thirty days have elapsed since plaintiff served his Notice of Claim and the County has not offered adjustment or payment of his claim.

## STATEMENT OF FACTS

19. Plaintiff is a lifelong New York State resident who, at all times relevant herein, was 28-years-old.

20. On the afternoon of May 17, 2015, Plaintiff had lunch with his girlfriend at Hibachi Grill in North Babylon, Long Island.

21. Upon information and belief, on the afternoon of May 17, 2015, Defendant RAMSEY and D.R., his 8-year-old-son, were at the Hibachi Grill in North Babylon, Long Island.

22. After Plaintiff finished his meal, he used the restroom, exited the restaurant, and met his girlfriend in the parking lot.

23. Upon information and belief, the Hibachi Grill's surveillance video shows D.R. walking into the restroom alone at approximately 3:30 PM.

24. Defendant RAMSEY claimed that he entered the restroom with his son.

25. Upon information and belief, the Hibachi Grill's surveillance video shows Defendant RAMSEY walking into the restroom approximately one minute after his son.

26. Upon information and belief, Defendant RAMSEY waited in the restroom with D.R. until a stall become available.

27. Upon information and belief, Defendant RAMSEY exited the restroom after D.R. walked into a stall.

28. Upon information and belief, Defendant RAMSEY claimed that when he exited the restroom, only his son and Plaintiff were in the restroom.

29. Upon information and belief, the Hibachi Grill's surveillance video shows approximately four other adult males, including Plaintiff, in the restroom when Defendant RAMSEY exited and two additional adult males entering the restroom after Plaintiff exited the restroom and before Defendant RAMSEY returned to check on his son.

30. Upon information and belief, when Defendant RAMSEY returned to the restroom his son claimed that someone took his photograph while he was in a stall.

31. Upon information and belief, Defendant RAMSEY complained to a Hibachi Grill employee that someone took a photo of his son in the restroom.

32. Upon information and belief, the police were called and told about the alleged incident involving Defendant RAMSEY's son.

33. At approximately 3:45 PM, SCPD officers, including Officer NOLAN, arrived at the Hibachi Grill.

34. Upon information and belief, Defendant RAMSEY, his son, Hibachi Grill employees, and members of the Suffolk County Police Department, including Officer NOLAN viewed the restaurant's surveillance tape.

35. Upon information and belief, Defendant RAMSEY identified Plaintiff in the surveillance video and falsely stated to members of the SCPD, including Officer NOLAN, that Plaintiff was in the restroom alone with D.R. after RAMSEY exited the restroom.

36. Despite this assertion, the Hibachi Grill's surveillance video shows that Plaintiff was never alone in the restroom with D.R.

37. At approximately 6:00 PM, Defendant RAMSEY, after consulting with SCPD, signed a sworn statement identifying Plaintiff as the person who photographed his son in the stall and stating that he wanted to pursue criminal charges against Plaintiff.

38. On or about May 28, 2015, SCPD released a Crime Stoppers "Crime Alert" to the local media, which contained photos and a description of Plaintiff, a statement that the man in the photo "leaned over a bathroom stall and took photos with a cell phone of an 8-year-old boy," and an offer of up to a $5,000 reward for information leading to his arrest.

39. Defendant MURPHY authorized the release of the Crime Stoppers alert despite the fact that the surveillance video clearly contradicted Defendant RAMSEY's statement and showed

Plaintiff's innocence. Upon information and belief, Defendant MURPHY authorized the released of the Crime Stoppers alert with the acquiescence and knowledge of the other defendant officers.

40. On or about the morning of May 28, 2015, several local media outlets, including PIX 11, NBC 4, ABC 7, and Long Island News 12, aired the Crime Stoppers report seeking information about Plaintiff.

41. Approximately 30 minutes after the Crime Stoppers report aired, Plaintiff received a phone call from a friend who said that he saw the Crime Stoppers report about Plaintiff.

42. Plaintiff's friend texted him a link to the Crime Stoppers report.

43. Plaintiff viewed the Crime Stoppers report, which included a video of him and his girlfriend at the Hibachi Grill.

44. After viewing the Crime Stoppers report, Plaintiff called his father, a retired New York City Police Officer, for advice.

45. Plaintiff then called the SCPD precinct in West Babylon, identified himself as the person in the Crime Stoppers report, and provided his address.

46. Plaintiff further stated to the SCPD that he did nothing wrong and wanted to clear his name.

47. At approximately 8:30 AM, two SCPD Detectives arrived at Plaintiff's home.

48. Upon information and belief, the two SCPD Detectives were Defendants COLLINS and FOCAS.

49. Defendants COLLINS and FOCAS entered Plaintiff's home and interrogated Plaintiff, his mother, and his aunt.

50. Defendants COLLINS and FOCAS showed a video of Plaintiff and his girlfriend at Hibachi Grill on May 17, 2015 to Plaintiff, his mother, and his aunt.

7

51. Upon information and belief, Defendants COLLINS and FOCAS showed Plaintiff video directly contradicting Defendant RAMSEY's false statement.

52. Defendants COLLINS and FOCAS then told Plaintiff that they had to arrest him and confiscate his cell phone.

53. Defendants COLLINS and FOCAS arrested Plaintiff and took him to a West Babylon precinct.

54. At the precinct, Plaintiff was fingerprinted, photographed, and questioned about the alleged incident at the Hibachi Grill.

55. Plaintiff refused to answer any questions until he spoke with his attorney.

56. Approximately nine hours after he was taken into custody, Plaintiff was forced to post $500 for bail in order to be allowed to leave the precinct.

57. Despite the utter lack of evidence that Plaintiff had committed a crime, Defendant COLLINS signed the felony complaint charging Plaintiff with Unlawful Surveillance in the 2nd Degree, a violation of New York Penal Law § 250.45(3)(a).

58. Reports of Plaintiff's arrest and charge appeared on, *inter alia*, CBS 2, NBC 4, ABC 7, Pix 11, Long Island News 12.

59. The media reports included, the location where Plaintiff lived and the locations of his employment.

60. SCPD Officer DOES released Plaintiff's home address to at least one reporter.

61. Upon information and belied, Plaintiff was fired from both of his jobs because of his arrest and the media attention it received.

62. Following the media reports about Plaintiff's arrest, he and his family received threats, including death threats, through social media, telephone calls, and in-person.

63. Fearing for his safety, Plaintiff left his Dix Hills home and stayed with a family member outside of Long Island.

64. When Plaintiff was away, people showed up to his Dix Hills home looking for him, left threatening messages with members of his family, and caused destruction to his property, upon information and belief, because of the criminal charges that had been levied against him and reported on the local news.

65. On or about June 10, 2015, Defendant COLLINS filed an application and affidavit for search warrant in the Town of Southampton Criminal Court seeking authorization to search Plaintiff's cell phone.

66. On June 10, 2015, Town of Southampton Criminal Court, Hon. Mark D. Cohen, signed Defendant COLLINS application and affidavit for search warrant, allowing the SCPD to search Plaintiff's cell phone.

67. Beginning on or about June 10, 2015, members of the SCPD searched Plaintiff's cell phone.

68. Over the course of the next five days, they would search Plaintiff's cell phone on two more occasions.

69. Upon information and belief, no photographs or any other evidence related to the charges levied against Plaintiff were found on his cell phone.

70. Despite the utter lack of evidence against Plaintiff, he was arraigned on the felony complaint on July 27, 2015.

71. Plaintiff was forced to make approximately three court appearances before the baseless charges were dismissed at the request of the District Attorney on October 14, 2015.

72. Upon information and belief, Defendants knew all of the facts that exculpated Plaintiff before they arrested him and when they initiated his prosecution.

73. Defendants' conduct deprived Plaintiff of his constitutional rights and caused Plaintiff to suffer loss of liberty, emotional and psychological pain, embarrassment, humiliation, harm to his reputation, financial loss, and loss of income.

74. The media attention surrounding Plaintiff's unlawful arrest and the baseless charges made against him has caused extreme emotional distress and great discomfort in public settings.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth and Fourteenth Amendment Rights

75. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

76. In committing the acts and omissions complained of herein, defendants MURPHY, COLLINS, FOCAS, and DOES acted under color of state law to deprive plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure;

   b. the right to be free from arrest without probable cause;

   c. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent;

   d. the right to be free from the lodging of false criminal charges against him by police officers;

   e. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; and

   f. the right to be free from deprivation of liberty without due process of law.

77. In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

78. As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

79. The unlawful conduct of defendants MURPHY, COLLINS, FOCAS, and DOES were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

80. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

81. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 11, and 12, and including the following rights:

   a. freedom from unreasonable search and seizure of her person and property;

   b. freedom from arrest without probable cause;

   c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

   e. freedom from malicious prosecution by police officers and prosecutors, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; and

   f. freedom from deprivation of liberty without due process of law.

82. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

### THIRD CAUSE OF ACTION
### False Imprisonment

83. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

84. Defendants MURPHY, COLLINS, FOCAS, DOES and RAMSEY, through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent.

85. Defendants MURPHY, COLLINS, FOCAS, DOES and RAMSEY committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

86. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87. Defendants MURPHY, COLLINS, FOCAS, DOES, and RAMSEY through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

88. Defendants MURPHY, COLLINS, FOCAS, DOES, and RAMSEY committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Negligence

89. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

90. Defendants MURPHY, COLLINS, FOCAS, and DOES owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as SCPD officers and the duty to protect citizens from the intentional misconduct of other SCPD officers.

91. Defendants MURPHY, COLLINS, FOCAS, and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

92. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

## SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

93. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

94. As police officers acting in the performance of their duties, Defendant MURPHY, COLLINS, FOCAS, and DOES owed Plaintiff a duty of care.

95. In breach of that duty, defendants MURPHY, COLLINS, FOCAS, and DOES endangered Plaintiff's safety and caused him to fear for his safety.

96. As a result, Plaintiff suffered emotional distress.

## SEVENTH CAUSE OF ACTION
### Malicious Prosecution

97. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

98. A criminal proceeding was commenced against Plaintiff in Suffolk County Criminal Court.

99. The proceeding was initiated based on false allegations by Defendant RAMSEY, which Defendant COLLINS included in the criminal complaint.

100. The criminal proceeding was terminated in Plaintiff's favor when the charges against him were dismissed.

101. There was no probable cause for any of the charges brought against Plaintiff.

102. The Defendants COLLINS and RAMSEY committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

103. The County is vicariously liable for the conduct of the individual Suffolk County Police Department defendants as set forth herein.

## EIGHTH CAUSE OF ACTION
### Defamation of Character

104. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

105. Defendant MURPHY authorized the release of false information about Plaintiff to the news media, accusing him of a serious crime.

106. Defendant RAMSEY knowingly made false statements to the SCPD accusing Plaintiff of a serious crime.

107. The actions of the individual defendants damaged the reputation of Plaintiff.

108. The actions of defendants were performed with malice and disregard for the truth.

109. As a result, Plaintiff suffered defamation of character.

## NINTH CAUSE OF ACTION
### Slander *Per Se*

110. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

111. Defendant MURPHY authorized the release of false statements about Plaintiff to the news media accusing him of a serious crime.

112. Defendant RAMSEY knowingly made false statements to the SCPD accusing Plaintiff of a serious crime.

113. The actions of the individual defendants damaged the reputation of Plaintiff.

114. The actions of the individual defendants were performed with malice and disregard for the truth.

115. As a result, Plaintiff suffered harm to him character.

## TENTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision Under State Law

116. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

117. The County is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the SCPD with regard to their aforementioned duties.

## ELEVENTH CAUSE OF ACTION
### *Respondeat Superior*

118. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

118.   At all relevant times, defendants MURPHY, COLLINS, FOCAS, and DOES were employees of the City and were acting within the scope of their employment.

119.   The County is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendants MURPHY, COLLINS, FOCAS, and DOES set forth herein.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a)   compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)   punitive damages from defendants MURPHY, COLLINS, FOCAS, DOES and RAMSEY to the extent allowable by law;

(c)   attorney's fees;

(d)   the costs and disbursements of this action;

(e)   interest; and

(f)   such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 17, 2016

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, 26/PH Suite
New York, New York 10016
(212) 490-0400

Jonathan C. Moore
Joshua S. Moskovitz
Keith M. Szczepanski

*Attorneys for Plaintiff Luis Flores, Jr.*