FILED
CLERK
12:12 pm, Mar 21, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LUIS FLORES, JR.,

                Plaintiff,

      -against-

COUNTY OF SUFFOLK, a municipal entity; Sergeant JAMES MURPHY (Shield No. 428); Detective JOSEPH COLLINS (Shield No. 1476); Detective FOCAS (Shield No. 1495); and "JOHN and/or JANE DOES" 1, 2, 3, etc. (whose identity are unknown but who are known to be personnel of the Suffolk County Police Department), all of whom are sued in their individual and their official capacities,

               Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-02502 (ADS)(ARL)

**APPEARANCES:**

**Beldock Levine & Hoffman LLP**
*Counsel for the Plaintiff*
99 Park Avenue, PH/26th Floor
New York, NY 10016
    By:    Keith M. Szczepanski, Esq.,
             Jonathan C. Moore, Esq., Of Counsel

**Suffolk County Attorney**
*Counsel for the Defendants*
100 Veterans Memorial Highway,
Hauppauge, NY 11788
    By:    Brian C. Mitchell, Assistant County Attorney

**SPATT, District Judge**:

On May 17, 2016, the Plaintiff Luis Flores, Jr. (the "Plaintiff" or "Flores") brought the instant action against the County of Suffolk (the "County"), Sergeant James Murphy ("Sgt.

1

Murphy"), Detective Joseph Collins ("Det. Collins"), and Detective Focas ("Det. Focas") (Sgt. Murphy, Det. Collins and Det. Focas collectively, the "Individual Defendants") (all together, the "Defendants"), in addition to Leon Ramsey ("LR"). The complaint alleges violations of Flores' constitutional rights based on an alleged false arrest that took place on May 28, 2015, and the subsequent purported malicious prosecution. He asserts causes of action pursuant to 42 U.S.C. § 1983 in addition to numerous state law constitutional and common-law claims.

On August 17, 2018, the Court issued a memorandum of decision and order (the "Decision") granting in part and denying in part the Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 56. Specifically, the Court dismissed the Plaintiff's false arrest, false imprisonment, search and seizure and malicious prosecution claims under Counts I and II, dismissed Counts III and VII in their entirety, and denied the remainder of the Defendants' motion.

Presently before the Court is a motion by the Defendants pursuant to Local Civil Rule 6.3 requesting that the Court reconsider its Decision. For the following reasons, the Defendants' motion to reconsider is denied.

## I. DISCUSSION

**A. STANDARD OF REVIEW**

A motion for reconsideration is governed Local Rule 6.3. *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002). Local Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has

> overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id*. The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal citations omitted); *accord Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)); *Mangino v. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011); *T.Z. v. City of N.Y.*, 634 F.Supp.2d 263, 268 (E.D.N.Y.2009).

In the Second Circuit, there are only three grounds which may be used to grant a motion for reconsideration: (1) a subsequent change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Frey v. Bekins Van Lines, Inc.*, No. CV 09–5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)); *accord Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15-cv-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also T.Z.*, 634 F. Supp. 2d at 267-68. "[A] party may not advance facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, No. 15-

cv-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)); *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

A motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *T.Z.*, 634 F.Supp.2d at 268 (internal citations omitted); *Dellefave v. Access Temps., Inc.*, No. 99-cv-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (same). "An attempt to simply relitigate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Prods. Liab. Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing *Wall v. Constr. & Gen. Laborers' Union*, No. 06-1264-cv, 2009 WL 230122, at *1 (2d Cir. Feb. 2, 2009) (summary order)).

## B. APPLICATION TO THE FACTS OF THE CASE

The Defendants have failed to raise any arguments that would justify reconsideration of the Court's prior Decision.

The Defendants do not plausibly contend that there was any change in the relevant controlling law or that new evidence has become available; nor can they credibly argue that the Court overlooked any controlling decision in this Circuit. *See Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, No. 06-cv-6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (noting that "[c]ontrolling decisions include decisions from the United States Court of Appeals from the Second Circuit"). Their primary contention is that, in light of the Court's finding that arguable probable cause existed at the time of the Plaintiff's arrest and at the time the judicial process commenced, the Defendants are entitled to summary judgment on the stigma-plus claim. *See* The Decision at 13-21.

In the instant case, the Defendants failed to move for summary judgment on the stigma-plus claim in their initial brief and only provided a one-sentence argument in the reply brief. The decision not to consider the Defendants' argument is left to the discretion of the district court. Here, the Court ruled that the Defendants' failure to properly raise the argument in any of their papers foreclosed relief on summary judgment.

The Defendants now argue that because the Plaintiff failed to adequately plead a stigma-plus claim in his complaint, they were unable to respond until the issue was raised in the Plaintiff's opposition papers. Further, the Defendants claim that it was improper for the Plaintiff to first raise his stigma-plus claim in his opposition papers. Both of these arguments should have been raised in the Defendants' reply brief during the initial briefing. However, their one-sentence response in their reply, without any citation to case-law or analysis, tied the Court's hands. The choice by the Defendants' counsel to only superficially address the stigma-plus claim is particularly perplexing, given that the Defendants' reply brief was less than five pages. The Defendants had plenty of opportunity to make this argument at the proper time and chose not to do so. Only now, after the Court has ruled that the Defendants' are entitled to qualified immunity, do they seek to address this argument in a substantive fashion.

Further, the Court's refusal to rule on the stigma-plus claim will not result in a manifest injustice. There has been no judgment issued regarding this cause of action. The Defendants are free to make their argument at trial and may file a motion pursuant to Rule 50 at the proper time. At this point in the case, these are the proper procedural remedies to address their arguments. This issue has already been decided at the summary judgment stage, and the Defendants have not provided a sufficient reason to revisit it.

The Court will not entertain this argument for the first time on a motion for reconsideration. *See Peca v. Delta Air Lines, Inc.*, No. 97-CV-0882, 2000 WL 914112, at *2 (W.D.N.Y. July 7, 2000) (denying motion for reconsideration of summary judgment regarding an issue first raised in a reply).

## II.  CONCLUSION

For the reasons set forth above, the Defendants' motion for reconsideration is denied.

It is **SO ORDERED**:

Dated:  Central Islip, New York

March 21, 2019

                                                       /s/ Arthur D. Spatt

                                                   ARTHUR D. SPATT

                                                United States District Judge